# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GARNIER, <br><br> Plaintiff, <br> vs. <br> POWAY UNIFIED SCHOOL DISTRICT, et al., <br><br> Defendants. | CASE NO. 16cv2630-LAB (AGS) <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** |

The Court dismissed this case in April after Christopher Garnier failed to file an opposition to Poway's motion to dismiss. A month later, Garnier asked the Court to vacate the judgment because he didn't know when his opposition was due. Courts may deny a motion for reconsideration when the moving party lacks a meritorious defense, was culpable, or prejudice would result to the nonmoving party. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988); Fed. R. Civ. P. 60(b). All three reasons apply here.

First, Garnier hasn't shown he has a meritorious defense to the dismissal. All of the defendants appear to be immune from suit under the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Corales v. Bennett*, 567 F.3d 554, 573 (9th Cir. 2009); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969 (9th Cir. 2004). Garnier's briefing for reconsideration didn't address the merits of this defense at all.

///

Second, Garnier's culpable because he's responsible for his own motion deadlines and reading the Court's orders. The Court's last order was clear:

> Garnier must file an opposition to Poway's motion to dismiss on or before **March 31, 2017** . . . . If Garnier obtains new counsel, the Court **will not** provide any additional time to file the opposition. If Garnier fails to comply, the Court will grant Poway's motion to dismiss as unopposed.

Garnier blames his previous attorney for telling him about the ruling, but not the critical details bolded in the six-sentence order above. That doesn't cut it. Garnier had an independent duty to keep informed of his case. *United States v. Te Selle*, 34 F.3d 909, 910 (9th Cir. 1994). At a minimum, that means he had the responsibility to ensure he knew the date his opposition was due. And here, Garnier's especially culpable because this wasn't the first time he failed to file an opposition; it was the third time. The Court provided Garnier an opportunity to file an opposition in January, February, and March. He never did.[1]

Third, vacating judgment would prejudice the defendants and other litigants. Garnier filed suit almost a year ago. Not only has the case been hanging over the defendants' heads, but Garnier hasn't taken any steps to prosecute his case. The Court has its own duty to prevent "undue delays in the disposition of pending cases and to avoid congestion in the calendars." *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962).

Garnier had three chances to respond to a motion to dismiss that's been pending since last December. In that time, the Court has applied the rules of procedure liberally and made every effort to allow Garnier to present the merits of his action. *In re Hammer*, 940 F.2d 524, 525 (9th Cir. 1991). Garnier failed to meet his burden to show the Court should reopen the case. Garnier's motion for reconsideration is denied.[2]

**IT IS SO ORDERED**.

DATED: August 7, 2017

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] Dkt. 15. Garnier assumed he had sixty days to oppose because that's what his attorney asked for when she withdrew. That assumption doesn't excuse him from following-up on his case. And he admits that, as of February, he knew he needed to find new counsel.

[2] The Court modifies the order of dismissal (Dkt. 16) by granting only the motion to dismiss (Dkt.4-1)—not the anti-SLAPP motion (Dkt. 3-1). Fed. R. Civ. P. 60(a). The Court only ordered Garnier to respond to the motion to dismiss and intended dismissal on that basis alone. Defendants' motion for anti-SLAPP fees is denied as moot. Dkt. 17.